IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joyce E. Phillips, | ) | C/A No.: 9:10-02952-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Joyce E. Phillips, brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act for the period March 12, 2006 through October 2, 2007. The ALJ found the plaintiff to be disabled beginning on October 3, 2007 but not from the onset date of March 12, 2006 claimed by the plaintiff.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g*., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

1

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in March of 2007, alleging disability since March 12, 2006 due to exertional limitations in her upper extremities and depression. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on February 2, 2010. The ALJ thereafter found the plaintiff disabled beginning on October 3, 2007 but denied plaintiff's claim for benefits beginning on March 12, 2006 in a decision issued March 10, 2010. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 49 years old on the alleged onset date. She has a high school education and began cosmetology school but failed to complete it. Her past work experience includes employment as a housecleaner, machine assembler, and fork lifter.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*)

3. Since the alleged onset date of disability, March 12, 2006, the claimant has had the following severe impairments: bilateral carpal tunnel syndrome status post bilateral release, bilateral epicondylitis, right rotator cuff strain/bicipital tendinitis, and obesity. (20 C.F.R. 404.1520(c) and 416.920(c)).

4. Since the alleged onset date of disability, March 12, 2006, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that prior to October 3, 2007, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). I find that the claimant has the light work capacity of lifting twenty pounds occasionally and ten pounds frequently and sitting about six hours in an eight-hour workday, standing about six hours in an eight-hour workday, and walking about six hours in an eight-hour workday. She was limited to frequent pushing or pulling with the upper extremities. She was limited to occasional climbing of ladders, ropes, and scaffolds. She could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She was limited to frequent, i.e., not constant, bilateral use of the upper extremities for reaching, handling, and fingering of the upper extremities.

6. After careful consideration of the entire record, I find that beginning on October 3, 2007, the claimant has the residual functional capacity to perform sedentary work as defined in

20 CFR 404.1567(a) and 416.967(a).  I specifically find that the claimant had the sedentary work capacity of lifting less than ten pounds occasionally and sitting for six of eight hours and walking or standing for two of eight hours.

7. Since March 12, 2006, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was a younger individual age 18-49.  Since the established disability onset date, the claimant's age category has changed to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

10. Prior to October 3, 2007, transferability of job skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  Beginning on October 3, 2007, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Prior to October 3, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

12. Beginning on October 3, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416966).

13. The claimant was not disabled prior to October 3, 2007, but became disabled on that date, and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. pp. 11-22).

    Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States

Magistrate Judge. On October 20, 2011, Magistrate Judge Bristow Marchant filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on November 7, 2011. The defendant filed a Response on November 14, 2011.

**Scope of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Objections**

Plaintiff asserts that the Magistrate Judge erroneously found that "a whole person impairment rating of less than thirty percent (30%) is inconsistent with disability". (Objections, p. 1). She further objects "to the (Magistrate's) conclusion that since Dr. Kopera and Dr. Patel did not specifically state Plaintiff was totally disabled or unable to engage in work activity that Plaintiff is not disabled."

(Objections, p. 2.). Finally, she contends that the Commissioner failed to give proper weight to the findings of the South Carolina Workers' Compensation Commission.

**Effect of Plaintiff's Whole Person Impairment Rating of Less than 30%**

The ALJ discusses the impairment rating given by the claimant's hand doctor for her hands (5% impairment of the right hand and 4% impairment of the left hand) and the impairment ratings given by consulting orthopaedic surgeon, Dr. Bruce, for her upper extremities (27% impairment of the right upper extremity and 19% impairment of the left upper extremity). However, the ALJ does not refer in her analysis otherwise to the impairment ratings given by the physicians. The Magistrate Judge refers in his summary of the medical evidence to the 20% whole person impairment rating given by Dr. Bruce. (R&R, p.6). He later recommends that the Court affirm under the substantial evidence rule the ALJ's analysis of the evidence from the treating physicians and cites *Waters v. Gardner*, 452 F.2d 855 (9th Cir. 1971) as "concluding that a whole person impairment rating of less than thirty (30%) percent (is) inconsistent with allegation of disability." (Docket Entry # 16, pp. 6-7).

Plaintiff contends in her objections that the Magistrate misconstrued *Waters v. Gardner*, 452 F.2d 855 (9th Cir. 1971), in finding a "bright line rule" that impairment ratings of less than thirty percent (30%) do not support a finding of disability. In *Waters*, the Ninth Circuit mentioned (in affirming a decision to deny benefits) that at least nine doctors had evaluated the appellant and that "[a] majority placed her disability at less than 30 per cent. Only one thought her totally disabled, and in an earlier report . . ., even he placed her disability at less than 50 per cent." *Id*., 452 F.2d at 858. The Ninth Circuit does not create a bright line rule; it simply recites the medical evidence. Impairment ratings by treating physicians are one relevant factor to a conclusion as to whether a claimant is disabled. The ALJ and the Magistrate have not misstated or misapplied the law.

**Magistrate Judge's Reliance on the Failure of Dr. Kopera and Dr. Patel to state that Plaintiff was Disabled**

The plaintiff also objects to the Magistrate's alleged finding that, "since Dr. Kopera and Dr. Patel did not specifically state Plaintiff was totally disabled or unable to engage in work activity that Plaintiff is not disabled." (Objections, p. 2). In connection with the Magistrate's recommended finding that the ALJ reasonably evaluated the opinions of treating physicians Kopera and Patel, the Magistrate observed that neither physician mentioned as part of his opinion that the plaintiff was totally disabled or unable to work.  Plaintiff objects to the Magistrate's Report on the basis it was unfair and a denial of procedural due process to criticize the doctors for failing to make the finding she was disabled but to later point out that the Commissioner is responsible for making the final determination of disability. This argument lacks merit, as the Fourth Circuit in *Lee v. Sullivan*, 945 F.2d 687, 693 (4th Cir. 1991), referred to the fact that [n]one of these physicians gave an opinion that the plaintiff was totally and permanently disabled." Moreover, the ALJ does not even mention that the physicians did not give an opinion that the claimant was disabled.

**Effect of Workers' Compensation Decision**

Finally, the plaintiff contends that the ALJ did not properly consider the findings of the South Carolina Workers' Compensation Commission.[1]  The Fourth Circuit has held that "weight should be given to the findings of the (workers compensation) Commission even though same is not determinative of the issue." *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968).  *See* 20 C.F.R. § 404.1504 ("A

---

[1] The South Carolina Workers' Compensation Commission found the plaintiff to be permanently and  totally disabled based on work-related injuries to her hands, arms, shoulders and "psyche"in a decision issued on September 7, 2006, affirmed by the Appellate Panel on April 4, 2007.  (Tr. p. 198; psp. 161-199). She was awarded "temporary total" benefits from March 9, 2006 until May 16, 2006 and permanent benefits beginning thereafter. (Tr. p. 199).

8

decision by any . . . other governmental agency about whether you are disabled . . . is based on its rules[2] and is not our decision about whether you are disabled. . .Therefore, a determination made by another agency that you are disabled . . . is not binding on us."). The ALJ's decision shows that she did consider the opinion of the South Carolina Workers' Compensation Commission that the plaintiff is permanently and totally disabled. However, she recognizes that "[w]orker's compensation opinions are based on different regulations than Social Security regulations, but SSR 06-03p instructs that such opinions can provide insight into a claimant's physical and mental impairments." (Tr. p. 19). While the ALJ could certainly have discussed the worker's compensation opinion more fully, she adequately considered the Workers' Compensation Commission opinion.

## Conclusion

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

For the foregoing reasons, all objections are overruled and the report and recommendation of the magistrate judge is incorporated herein by reference. The Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

February 15, 2012
Florence, South Carolina

---

[2] "Evidence that the claimant has been able to earn occasional wages or perform certain kinds of gainful work does not necessarily rule out a finding of total disability or require that it be reduced to partial." McCollum v. Singer Co., 386 S.E.2d 471 (S.C.App. 1989). An entire body of case law has developed interpreting the South Carolina Worker's Compensation Act, Section 42-1-10, et seq.of the South Carolina Code.